IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRIS MARCHLEWICZ, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00996-DAE |
| vs. | § § § | |
| BROTHERS XPRESS, INC., CHARANJIT SINGH, HARPREET SINGH, DHALIWAL BROTHERS CARRIER, INC., C.H. ROBINSON INTERNATIONAL INC., | § § § § § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action are Plaintiff's Opposed Motion for Confidentiality and Protective Order [#24] and Plaintiff's Opposed Motion to Compel Depositions of Harpreet Singh and Charanjit Dhaliwal [#25]. The motions were referred to the undersigned for disposition on December 4, 2019. The undersigned has authority to enter this Order pursuant to 28 U.S.C. § 636(b)(1)(A). The Court will grant Plaintiff's motion for entry of a protective order and deny the motion to compel without prejudice.

By his first motion, Plaintiff asks the Court to enter a confidentiality and protective order limiting the use of his confidential medical records an information to this litigation only. Protective orders are entered for "good cause." Fed. R. Civ. 26(c). Defendants oppose the motion, arguing that there is no good cause for a protective order in this case because federal and state regulations already protect Plaintiff from the disclosure of his confidential medical information and Defendants are entitled to obtain Plaintiff's medical records in conjunction with this lawsuit. Plaintiff is not arguing that Defendants cannot obtain medical information relevant

1

to this suit in discovery. Plaintiff is asking for a protective order to limit the manner and extent to which Defendants can disclose his health information publicly or to third parties. Plaintiff has established good cause for the entry of a protective order in this case. Defendant will be permitted to challenge any designations under the protective order in accordance with the procedure's set forth therein.

By his second motion, Plaintiff asks the Court to compel the depositions of Defendants Harpreet Singh and Charanjit Dhaliwal. The basis of the motion is Defendants' failure to respond to Plaintiff's attempts to schedule the depositions. The Court will deny this motion as premature. The documents attached to Plaintiff's motion indicate Plaintiff has not yet noticed the depositions, only that he sent correspondence asking Defendants for dates for the depositions. "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). The notice must state the time and place of the deposition. *Id.* Although the Federal Rules of Civil Procedure do not explicitly require that a notice of deposition be served before a party files a motion to compel, courts routinely impose such a requirement, and some courts outright deny motions to compel if no notice has been served. *Robinson v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:14-CV-4187-D, 2016 WL 1273900, at *2 (N.D. Tex. Feb. 18, 2016) (describing the approaches of courts). This Court will deny Plaintiff's motion without prejudice to refiling if Defendants refuse to appear for a noticed deposition. The parties are encouraged to confer on dates and to cooperate in the discovery process. Failure to do so could result in the imposition of sanctions.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Confidentiality and Protective Order [#24] is **GRANTED**. The Court will enter its standard Confidentiality and Protective Order by separate docket entry.

**IT IS FURTHER ORDERED** that Plaintiff's Opposed Motion to Compel Depositions of Harpreet Singh and Charanjit Dhaliwal [#25] is **DENIED WITHOUT PREJUDICE**.

SIGNED this 12th day of December, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE