UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

JAN -9 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| CHRIS MARCHLEWICZ | § | |
| | § | |
| | § | |
| v. | § | C. A. No. 5:19-CV-00996-DAE |
| | § | |
| BROTHERS XPRESS INC. et al. | § | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

Plaintiff Chris Marchlewicz by his attorneys Thomas J Henry Law P.L.L.C. respectfully allege as follows:

### NATURE OF THE CASE

1. This is a civil action for personal injuries suffered by Plaintiff Chris Marchlewicz against Defendants Dhaliwal Brothers Carrier Inc., Brothers Xpress Inc., CH Robinson International Inc., C.H, Robinson International Inc., Harpreet Singh and Charanjit Singh. This action arose out of a motor vehicle accident on I-10 in Gonzalez County, Texas when an 18-wheeler tractor-trailer operated by Charanjit Singh collided with the rear-end of the vehicle occupied by Chris Marchlewicz. The Defendants' negligence was a proximate cause and substantial contributing factor in causing the Plaintiff's injuries and damages

### PARTIES

2. Chris Marchlewicz is an individual and citizen of the state of Texas

3. Defendant, Charanjit Singh DEFENDANT DRIVER, is an individual residing in the state of California and has appeared and answered

4. Defendant, Brothers Xpress Inc. is, a foreign corporation doing business in the state of Texas and has appeared and answered

5. Defendant Harpreet Singh is an individual and resides in the state of California and and has appeared and answered

6.      Defendant Dhaliwal Brothers Carrier Inc. is a foreign corporation doing business in Texas and has appeared and answered

7.      Defendant C.H. Robinson International Inc. has appeared and answered herein

8.      Defendant C. H. Robinson Worldwide Inc. is a foreign corporation and may be served through its registered agent Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service 211 E. 7th Street, Suite 620 Austin, Texas 78701-3218

## VENUE AND JURISDICTION

9.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy-five thousand dollars ($75,000 and Plaintiff is citizen of a state which are different from the individual Defendants and different from the remaining Defendants are incorporated and have their principal place of business

10.      Venue is proper in this district, because the crash occurred in Gonzalez County, Texas which falls within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11.      On January 8, 2018 Plaintiff was driving his vehicle westbound on I-10 in Gonzalez County, Texas when traffic slowed due to construction and lane closures. Suddenly, his vehicle and trailer was struck from behind by the tractor-trailer operated by Defendant, Charanjit Singh , while delivering an interstate shipment of goods, and acting in the course and scope of his employment with Defendant, Brothers Xpress Inc. Pleading further and in the alternative Charanjit Singh at the time of the incident was the statutory employee of CH Robinson Worldwide Inc., Dhaliwal Brothers Carrier Inc., who were interstate carrier under the Federal Motor Carrier Safety Administration. Pleading and in the alternative further Charanjit Singh was the statutory employee of C.H. Robinson International Inc. at the time of the incident made the basis of this lawsuit.

12.      Plaintiff Chris Marchlewicz sustained severe injuries as a result of the collision and

2

negligence of Defendants.

## CAUSES OF ACTION AGAINST DEFENDANT CHARANJIT SINGH

## NEGLIGENCE

13.    The occurrence made the basis of this suit, reflected in the above paragraph and the resulting injuries and damages were proximately caused by the negligent and gross negligence conduct of Defendants. Defendant Charanjit Singh was in the process of delivering an interstate shipment and operated the vehicle he was driving in a negligent and grossly negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects, including but not limited to:

a.    in failing to control his speed in violation of Texas Transportation Code Sec. 545.351(b)(2);

b.    in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

c.    in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

d.    driving a commercial vehicle while operating a cell phone

e.    in driving his vehicle at a speed that was unreasonable and imprudent under the conditions and having regard for potential hazards then existing, in violation of Texas Transportation Code Sec. 545.351 (b)(1)

f.    in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiff in violation of Texas Transportation Code Sec. 545.401

g.    in failing to maintain an assured clear distance between him and the Plaintiff's vehicle, in violation of Texas Transportation Code Sec. 545.062(a)

14.    By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this court, and for which he now sues.

15    Each of these acts and/or omissions, whether taken singularly or in any combination

constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of his natural life.

**GROSS NEGLIGENCE**

The Defendant, Charanjit Singh was driving recklessly just before and at the time of the incident made the basis of this lawsuit. He consciously made a decision to drive fast on wet roads just before the crash and was unable to control his speed thereby causing the crash that forms the basis of this lawsuit. The Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, welfare of Plaintiff, as well as other similarly situated. These acts constitute gross negligence on the part of the defendant as that term is defined in Tex. Civ. Prac. & Rem. Code Section 41.001(11) in that said conduct was heedless, reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference.

Based upon these facts, this Plaintiff is entitled to exemplary damages in accordance with Chapter 41 of the Texas Civil Practice and Remedies Code. This Plaintiff would show by clear and convincing evidence that the Defendant engaged in conduct which would be considered malice in accordance with Chapter 41 of the Texas Civil Practice and Remedies Code. Accordingly, this Plaintiff herein pleads for exemplary damages at the maximum amount allowed by law and as the trier of fact shall deem appropriate. The acts and

4

omissions of the Defendant Charanjit Singh, as set forth above, were of such a character as to make Defendant guilty of malice and gross negligence

## CAUSES OF ACTION AGAINST BROTHERS XPRESS INC. AND HARPREET SINGH

### A. RESPONDEAT SUPERIOR

16.     At all times material hereto, Charanjit Singh was the agent, servant, statutory employee and/or employees for Defendants Brothers Xpress Inc. and Harpreet Singh at the time of the incident made the basis of this lawsuit, acting within the course and scope of his employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendants are further liable for the negligent acts and omissions of Charanjit Singh under the doctrine of *Respondeat Superior.*

17.     Each and all of the foregoing acts and/or omissions of the agents, servants, and/or employees for Defendant were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit and were a proximate cause of Plaintiff's injuries and damages.

### B. NEGLIGENT ENTRUSTMENT

18.     Defendants, Brothers Xpress Inc. and Harpreet Singh were independently negligent by negligently entrusting their vehicle to Defendant, Charanjit Singh , when they knew or should have known that defendant, Charanjit Singh was an incompetent or reckless driver.

19     Charanjit Singh, not long before the crash made the basis of this lawsuit had obtain an interim commercial driver's license. He was an inexperienced driver and was not properly supervised by Defendants, Brothers Xpress Inc. and Harpreet Singh

20.     Furthermore, defendant, Charanjit Singh was liable for causing the collision made the basis of this lawsuit and defendant Charanjit Singh's negligence was a proximate cause of the Plaintiff's injuries

### C. NEGLIGENT HIRING/RETENTION/TRAINING/SUPERVISION

5

21.     Defendants, Brothers Xpress Inc. and Harpreet Singh were also independently negligent in one or more of the following respects:

a. negligent hiring;

b. negligent driver qualifications;

c. negligent training;

d. negligent supervision and monitoring of defendant, Charanjit Singh;

e. negligent retention ;

f. negligent contracting ;

g. negligent maintenance;

h. defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred;

i. defendant placed a driver on the road knowing that the driver was incompetent and that such incompetence could in all likelihood cause serious injury to others in the event of an accident like that which occurred.

j. Negligently allowed his employees to use a cell phone during and while operating one of his vehicles while they were in the course and scope of their employment

## D. GROSS NEGLIGENCE

22.     Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

23.     The acts and/or omissions by Defendants outlined above constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) Civil Practice & Remedies Code. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the

6

probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including the Plaintiff.

24. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

25. Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future if not for the remainder of her natural life.

26. Accordingly, the acts and/or omissions by Defendant as outlined above constitute gross negligence, as defined in Section 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

27. Each of these acts and/or omissions of each of the Defendants, whether taken singularly or in any combination constitute negligence, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of his natural life.

## CAUSES OF ACTION AGAINST DHALIWAL BROTHERS CARRIER INC.

### A. RESPONDEAT SUPERIOR

28. Pleading further and in the alternative, Charanjit Singh was the statutory employee of Dhaliwal Brothers Carrier Inc. is a motor carrier engaged in interstate trucking. This Defendant is the owner of the tractor Charanjit Singh was operating at the time of the incident made the basis of this lawsuit. As the lessee carrier it retains exclusive, possession control and use of and complete responsibility for the operation of the equipment for the duration of the lease under the Federal Motor Carrier Safety Administration Regulations and 49 C.F.R. § 376.12(c)(1). Pursuant to the Federal Motor Carrier Safety Administration regulations 390.5 at all times material hereto,

Charanjit Singh was the statutory employee of Defendant a Dhaliwal Brothers Carrier Inc.at the time of the incident made the basis of this lawsuit, acting within the course and scope of his employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant is further liable for the negligent acts and omissions of Charanjit Singh under the doctrine of *Respondeat Superior*.

## VICARIOUS LIABILITY

29      Defendant Dhaliwal Brothers Carrier Inc. subcontracted the job they were hired to perform by either CH. Robinson Worldwide Inc. or C.H. Robinson International Inc. to Brothers Xpress Inc. Defendant Dhaliwal Brothers Carrier Inc. was operating as a motor carrier and common carrier at all times relevant to this cause of action. Under the Restatement of Torts (second) §428: an individual or corporation carrying on an activity which can lawfully carried out only under a franchise granted by a public authority and which involves unreasonable risk of harm to others, is subject to liability for bodily harm caused to such others by the negligence of a contractor employed to do the work in carrying on the activity.

30.      Each and all of the foregoing acts and/or omissions of the agents, servants, and/or employees for Defendant were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit and were a proximate cause of Plaintiff's injuries and damages.

## B. NEGLIGENT ENTRUSTMENT

31.      Defendant Dhaliwal Brothers Carrier Inc was independently negligent by negligently entrusting their vehicle to Defendant, Charanjit Singh , when they knew or should have known that defendant, Charanjit Singh was an incompetent or reckless driver.

32.      Furthermore, defendant, Charanjit Singh was liable for causing the collision made the basis of this lawsuit and defendant Charanjit Singh's negligence was a proximate cause of the Plaintiff's injuries

## C. NEGLIGENT HIRING/RETENTION/TRAINING/SUPERVISION

33.    Pleading further in the alternative Defendant, Dhaliwal Brothers Carrier Inc was also independently negligent in one or more of the following respects:

a. negligent hiring;

b. negligent in checking the driver qualifications;

c. negligent training;

d. negligent supervision and monitoring of defendant, Charanjit Singh;

e. negligent retention ;

f. negligent contracting ;

g. negligent maintenance;

h. defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred;

i. defendant placed a driver on the road knowing that the driver was incompetent and that such incompetence could in all likelihood cause serious injury to others in the event of an accident like that which occurred.

j. Negligently allowed his employees to use a cell phone during and while operating one of his vehicles while they were in the course and scope of their employment

## D. GROSS NEGLIGENCE

34.    Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

35.    The acts and/or omissions by Defendant outlined above constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) Civil Practice & Remedies Code.

9

Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including the Plaintiff.

36. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

37. Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future if not for the remainder of her natural life.

38. Accordingly, the acts and/or omissions by Defendant as outlined above constitute gross negligence, as defined in Section 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

39. Each of these acts and/or omissions of each of the Defendants, whether taken singularly or in any combination constitute negligence, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of his natural life.

## CAUSES OF ACTION AGAINST C.H. ROBINSON INTERNATIONAL INC.

## VICARIOUS RESPONSIBILITY PURSUANT TO RESTATEMENT OF TORTS (SECOND) SECTION 428

40. With respect to the goods being hauled by Charanjit Singh at the time of the incident made the basis of this lawsuit C. H. Robinson International Inc. was a motor carrier and not a broker.

41. C.H. Robinson had motor carrier authority at the time of the incident made the basis of this lawsuit. They were a common carrier because they arranged for transportation of shipments

which are authorized to transport and which they accepted and legally bound themselves to transport pursuant to 49 CFR §371.2.

42. As a licensed motor carrier C.H. Robinson International Inc. had a non-delegable duty to the public at large and may not shield itself from liability.

43. C.H. Robinson International Inc. was listed as the carrier on the manifest referenced as shipment number 18110031 for the load being hauled by Charanjit Singh at the time of the crash with Plaintiff Chris Marchlewicz.

44. C.H. Robinson International Inc. contracted with The Clorox Sales Company to deliver the load being hauled by Charanjit Singh at the time of the crash with Plaintiff Chris Marchlewicz. and contractually assumed the obligations and responsibilities for the load being hauled by Charanjit Singh at the time of the crash with Plaintiff Chris Marchlewicz.

45. The load being hauled by Charanjit Singh at the time of the crash with Plaintiff Chris Marchlewicz. was an interstate shipment.

46 Under the Restatement of Torts (second) §428: an individual or corporation carrying on an activity which can lawfully carried out only under a franchise granted by a public authority and which involves unreasonable risk of harm to others, is subject to liability for bodily harm caused to such others by the negligence of a contractor employed to do the work in carrying on the activity.

47 C.H. Robinson International Inc. was not a broker pursuant to 49 C.F.R. §371.2(a) because they were a motor carrier because since arranged or offered to arrange the transportation of the shipment with the customer which they were authorized to transport and which they accepted and legally bound themselves to transport.

48. C.H. Robinson International Inc. at the time of the incident made the basis of this lawsuit and at the time they contracted to transport the goods being hauled by Charanjit Singh was a motor carrier providing transportation for compensation pursuant to 49 U.S.C. §13102

11

JOINT ENTERPRISE

49.     C.H. Robinson International Inc., Dhaliwal Brothers Carrier Inc, and Brothers Xpress Inc. were engaged in a joint enterprise involving a business or pecuniary purpose when they arranged to deliver the goods being hauled being hauled Charanjit Singh at the time of the incident made the basis of this lawsuit.

## *NEGLIGENT HIRING/RETENTION/TRAINING/SUPERVISION*

50.     C.H. Robinson International Inc was negligent in its selection of the sub-contractors it allowed to deliver the goods on its behalf. Such negligence was a proximate cause of the injuries and damages suffered by the Plaintiff. Further it was negligent in one or more of the following respects:

a. negligent hiring;

b. negligent driver qualifications;

c. negligent training;

d. negligent supervision and monitoring of defendant, Charanjit Singh;

e. negligent retention ;

f. negligent contracting ;

g  defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of Charanjit Singh;

h. defendant placed a driver on the road knowing that the driver was incompetent and that such incompetence could in all likelihood cause serious injury to others in the event of an accident like that which occurred.

i. Negligently allowed Charanjit Singh to use a cell phone during and while operating one of his vehicles while they were in the course and scope of their employment

51.     As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary

charges made for such services in the county where they were incurred.

53.    As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention. Additionally, Plaintiff may suffer a loss of earning capacity in the future as a proximate cause of the Defendants' negligence.

## CAUSES OF ACTION AGAINST C.H. ROBINSON WORLDWIDE INC.

## VICARIOUS RESPONSIBILITY PURSUANT TO RESTATEMENT OF TORTS (SECOND) SECTION 428

54.    Pleading further and in the alternative with respect to the goods being hauled by Charanjit Singh at the time of the incident made the basis of this lawsuit C. H. Robinson Worldwide Inc. was a motor carrier and not a broker.

55.    C. H. Robinson Worldwide Inc. had motor carrier authority at the time of the incident made the basis of this lawsuit. They were a common carrier because they arranged for transportation of shipments which are authorized to transport and which they accepted and legally bound themselves to transport pursuant to 49 CFR §371.2.

56.    As a licensed motor carrier C. H. Robinson Worldwide Inc. had a non-delegable duty to the public at large and may not shield itself from liability.

57.    C. H. Robinson Worldwide Inc. is the correct legal entity that was listed as the carrier on the manifest referenced as shipment number 18110031 for the load being hauled by Charanjit Singh at the time of the crash with Plaintiff Chris Marchlewicz.

58.    C. H. Robinson Worldwide Inc. contracted with The Clorox Sales Company to deliver the load being hauled by Charanjit Singh at the time of the crash with Plaintiff Chris Marchlewicz. and contractually assumed the obligations and responsibilities for the load being hauled by Charanjit Singh at the time of the crash with Plaintiff Chris Marchlewicz.

59.    The load being hauled by Charanjit Singh at the time of the crash with Plaintiff Chris

13

Marchlewicz. was an interstate shipment.

60     Under the Restatement of Torts (second) §428: an individual or corporation carrying on an activity which can lawfully carried out only under a franchise granted by a public authority and which involves unreasonable risk of harm to others, is subject to liability for bodily harm caused to such others by the negligence of a contractor employed to do the work in carrying on the activity.

61     C. H. Robinson Worldwide Inc. was not a broker pursuant to 49 C.F.R. §371.2(a) because they were a motor carrier because since arranged or offered to arrange the transportation of the shipment with the customer which they were authorized to transport and which they accepted and legally bound themselves to transport.

62.     C. H. Robinson Worldwide Inc. at the time of the incident made the basis of this lawsuit and at the time they contracted to transport the goods being hauled by Charanjit Singh was a motor carrier providing transportation for compensation pursuant to 49 U.S.C. §13102

63.     At the time of the incident made the basis of this lawsuit C. H. Robinson Worldwide Inc. was the statutory employer of Charanjit Singh and ultimately controlled his work therefore is vicarious responsible for the acts/omissions of Charanjit Singh as it relates to the incident made the basis of this lawsuit

## JOINT ENTERPRISE

63.     C. H. Robinson Worldwide Inc., Dhaliwal Brothers Carrier Inc, and Brothers Xpress Inc. were engaged in a joint enterprise involving a business or pecuniary purpose when they arranged to deliver the goods being hauled being hauled Charanjit Singh at the time of the incident made the basis of this lawsuit.

### *NEGLIGENT HIRING/RETENTION/TRAINING/SUPERVISION*

64.     C.H. Robinson International Inc was negligent in its selection of the sub-contractors it allowed to deliver the goods on its behalf. Such negligence was a proximate cause of the injuries and

damages suffered by the Plaintiff. Further it was negligent in one or more of the following respects:

a. negligent hiring;

b. negligent driver qualifications;

c. negligent training;

d. negligent supervision and monitoring of defendant, Charanjit Singh;

e. negligent retention ;

f. negligent contracting ;

g defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of Charanjit Singh;

h. defendant placed a driver on the road knowing that the driver was incompetent and that such incompetence could in all likelihood cause serious injury to others in the event of an accident like that which occurred.

i. Negligently allowed Charanjit Singh to use a cell phone during and while operating one of his vehicles while they were in the course and scope of their employment

**RESPONDEAT SUPERIOR/STATUTORY EMPLOYER**
65. STATUTORY EMPLOYER

Charanjit Singh was the statutory employee of C.H. Robinson Worldwide Inc. at the time of the incident made the basis of this lawsuit. C.H.ROBINSON WORLDWIDE INC. engaged in business affecting interstate commerce under 49 C.F.R. § 390.5 when it hired and or allowed Charanjit Singh to haul cargo and dispatched and directed Charanjit Singh to transport the load involved in this lawsuit. Charanjit Singh , in the course and scope of his employment with C.H.ROBINSON WORLDWIDE INC., directly affected motor vehicle safety under 49 C.F.R. § 390.5 when he used his mobile device, failed to act as a ordinary reasonable driver under the circumstances, drove too fast for conditions, failed to control his speed, failed to keep an assured

15

clear distance between his vehicle and that operated by the Plaintiff and struck the rear of the vehicle occupied by the Plaintiff with his vehicle

66. Under the Federal Motor Carrier Safety Regulations C.H.ROBINSON WORLDWIDE INC. . may not transfer the responsibility for compliance with the Federal Motor Carrier Regulations to another entity by claiming their statutory employee, Charanjit Singh was merely an independent contractor.

67. The Federal Motor Carrier Act prevents motor carriers from using the independent contractor relationship to avoid liability exposure at the expense of the public.

68. Federal law requires that when C.H.ROBINSON WORLDWIDE INC. enters into a lease with an independent contractor, the lease shall hold that the authorized carrier is in exclusive possession, control, and use of the equipment for the duration of the lease, and assumes complete responsibility for the operation of the equipment for the duration of the lease. 49 U.S.C. 14102; 49 C.F.R. 376.12.

69. Defendant, C.H. ROBINSON WORLDWIDE INC. as a statutory employer of Charanjit Singh pursuant to 49 C.F.R. § 390.5, 49 U.S.C. § 14102, and 49 C.F.R. § 376.12, had a legal right and duty to control the tractor trailer operated for their benefit.

70. C.H. ROBINSON WORLDWIDE INC. as the motor carrier is responsible for all vehicles in its employ.

71. The Defendant, C.H. ROBINSON WORLDWIDE INC. is liable under the doctrine of Respondeat Superior in that Charanjit Singh, as its statutory employee, was operating the vehicle in the course and scope of his employment with Defendant,

**C.H. ROBINSON WORLDWIDE INC. AS A MATTER OF LAW COULD NOT BE A BROKER**

16

72. The Defendant, C.H.ROBINSON WORLDWIDE INC. . is not authorized for broker authority, only for motor carrier authority.

73. Because the Defendant, C.H.ROBINSON WORLDWIDE INC. does not have broker authority, it cannot broker loads without first applying for and receiving a license to operate as a broker according to 49 U.S.C. § 13902(a)(6). 33. A broker who knowingly engages in interstate brokerage without the required operating authority is liable to the United States for a civil penalty and can be liable to any injured party for all valid claims regardless of the amount pursuant to 49 U.S.C. § 14916(c).

74. At the time of the occurrence of the act in question and immediately prior thereto, Charanjit Singh, was within the course and scope of his employment with Defendant, C.H.ROBINSON WORLDWIDE INC. .

75. At the time of the occurrence of the act in question and immediately prior thereto, Charanjit Singh was engaged in the furtherance of Defendant, C.H.ROBINSON WORLDWIDE INC. .'s business.

76. At the time of the occurrence in question and immediately prior thereto Charanjit Singh was engaged in accomplishing a task for which Charanjit Singh was employed.

77.     Plaintiffs invoke the doctrine of Respondeat Superior against Defendant.

NEGLIGENCE

C.H.ROBINSON WORLDWIDE INC. was negligent and such negligence was a producing and proximate cause of the injuries and damages sustained by the Plaintiff in the following:  (a) negligent hiring of Charanjit Singh b. negligent entrustment of the vehicle to Charanjit Singh ; c.

negligent driver qualifications; d. negligent training and supervision of Charanjit Singh ; e. negligent retention of Charanjit Singh f. negligent contracting; g. negligent maintenance; and h. providing unsafe equipment.

78. As described herein, Defendant, C.H.ROBINSON WORLDWIDE INC., was negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs' injuries and damages.

79. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which they will continue to suffer in the future, if not for the remainder of their natural lives, and the damages and other losses to Plaintiffs.

NEGLGIENCE PER SE FOR FAILURE TO COMPLY WITH FEDERAL MOTOR CARRIER SAFETY REGULATIONS

80. C.H. ROBINSON WORLDWIDE INC. was negligent per se for failing to keep a driver qualification file on Charanjit Singh in violation of 49 CFR Part 391, § 391.51, which mandates that:

391.51: General requirements for driver qualification files. (a) Each motor carrier shall maintain a driver qualification file for each driver it employs. A driver's qualification file may be combined with his/her personnel file. (b) The qualification file for a driver must include: (1) The driver's application for employment completed in accordance with § 391.21; (2) A copy of the motor vehicle record received from each State record pursuant to § 391.23(a)(1); (3) The certificate of driver's road test issued to the driver pursuant to § 391.31(e), or a copy of the license or certificate which the motor carrier accepted as equivalent to the driver's road test

18

pursuant to § 391.33; (4) The motor vehicle record received from each State driver licensing agency to the annual driver record inquiry required by § 391.25(a); (5) A note relating to the annual review of the driver's driving record as required by § 391.25(c)(2); (6) A list or certificate relating to violations of motor vehicle laws and ordinances required by § 391.27; (7) (i) The medical examiner's certificate as required by § 391.43(g) or a legible copy of the certificate.

81. C.H. ROBINSON WORLDWIDE INC. . was negligent per se for failing to properly investigate Charanjit Singh in violation of 49 CFR Part 391, § 391.53 which mandates that: § 391.53: Driver investigation history file. (a) After October 29, 2004, each motor carrier must maintain records relating to the investigation into the safety performance history of a new or prospective driver pursuant to paragraphs (d) and (e) of § 391.23. This file must be maintained in a secure location with controlled access. (1) The motor carrier must ensure that access to this data is limited to those who are involved in the hiring decision or who control access to the data. In addition, the motor carrier's insurer may have access to the data, except the alcohol and controlled substances data. (2) This data must only be used for the hiring decision. (b) The file must include: (1) A copy of the driver's written authorization for the motor carrier to seek information about a driver's alcohol and controlled substances history as required under § 391.23(d). (2) A copy of the response(s) received for investigations required by paragraphs (d) and (e) of § 391.23 from each previous employer, or documentation of good faith efforts to contact them. The record must include the previous employer's name and address, the date the previous employer was contacted, and the information received about the driver from the previous employer. Failures to contact a previous employer, or of them to provide the required safety performance history information, must be documented. (c) The safety performance histories received from previous employers for a driver who is hired must be retained for as long as the driver is employed by that motor carrier and for three years thereafter. (d) A motor carrier

must make all records and information in this file available to an authorized representative or special agent of the Federal Motor Carrier Safety Administration, an authorized State or local enforcement agency representative, or an authorized third party, upon request or as part of any inquiry within the time period specified by the requesting representative.

82. Plaintiff belong to the class of persons the regulations were designed to protect, and their injuries are of the type that the regulations are designed to prevent; (2) the regulations are ones in which tort liability may be imposed when violated; and (3) C.H.ROBINSON WORLDWIDE INC. . violated the regulations, without excuse.

**GROSS NEGLIGENCE**

83. The above-referenced acts and/or omissions by Defendant constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

84. Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others. Defendant had actual, subjective awareness of the risk involved in the indifference to the rights, safety, or welfare of Plaintiffs and others.

85. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

86.    Plaintiff also brings a claim for property damage to the trailer and contents of the trailer he was hauling which were proximately caused by the negligence of the Defendants.

87.    Plaintiff seeks monetary relief over $75,000 and a demand for judgment for all other relief to which Plaintiff may justly be entitled.

88.    Plaintiff further requests both pre judgment and post judgment interest on all damages as allowed by law, exemplary damages and court costs.

89.    Plaintiff asks that the Defendants be held jointly and severally liable for the damages sustained by the Plaintiff.

90.    Plaintiff demands a trial by jury.


WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and on final trial hereafter, Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, exemplary damages, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

1.    Pain and suffering in the past;
2.    Pain and suffering in the future;
3.    Mental anguish in the past;
4.    Mental anguish in the future;
5.    Past medical expenses;
6.    Future medical expenses;
7.    Physical impairment in the past;
8.    Physical impairment in the future;
9.    Physical disfigurement in the past;
10.   Physical disfigurement in the future;
11.   Loss of earnings;
12.   Loss of earning capacity;
13.   Pre judgment interest;
14.   Post judgment interest;
15.   Exemplary damages.

Respectfully submitted,


THOMAS J. HENRY LAW P.L.L.C.
521 Starr Street
Corpus Christi, Texas 78401
361/ 985-0600 – Phone
361/ 985-0601 – Facsimile

By: _____
Hugh Howerton
State Bar No.: 10117950
(Appearing Pro Hac Vice)
*email: hhowerton-*svc@tjhlaw.com*
**\* service by email to this address only**


## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument was duly served upon the following in accordance with the Federal Rules of Civil Procedure on January 8, 2020.

E-Mail
Larry D. Warren
lwarren@namanhowell.com

Sean Page
spage@thorntonfirm.com

Jennifer Durbin
JDurbin@ASDH.com

Roland G. Hamilton
rhamilton@krcl.com


_____
Hugh Howerton

22