IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRIS MARCHLEWICZ, | § § § | |
| *Plaintiff,* | § § § | SA-19-CV-00996-DAE |
| vs. | § § § | |
| BROTHERS XPRESS, INC., CHARANJIT SINGH, HARPREET SINGH, DHALIWAL BROTHERS CARRIER, INC., C.H. ROBINSON INTERNATIONAL INC., C.H. ROBINSON WORLDWIDE INC., | § § § § § § § § § | |
| *Defendants.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action is Defendants' Opposed Motion to Modify Subpoena Duces Tecum Issued to Christine Dickison, Andrew Sievers, and Joel Jenne, M.D., and for Protective Order [#110], which was referred to the undersigned for disposition. The Court held a hearing on the motion on October 19, 2020, at which counsel for all parties appeared telephonically. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

This is a personal-injury action arising out of a motor-vehicle accident between Plaintiff Chris Marchlewicz's vehicle and an 18-wheeler drive by Defendant Charanjit Singh, who was allegedly working for Defendants Brothers Xpress, Inc. and Harpreet Singh at the time of the accident. Plaintiff alternatively alleges that Singh was the employee of Defendants C.H. Robinson International, Inc. and C.H. Robinson Worldwide, Inc. The suit asserts various theories of negligence against Defendants.

1

Defendants Brothers Xpress and Harpreet Singh (hereinafter "Defendants") have moved to modify a subpoena issued to three expert witnesses designated by Defendants in conjunction with Plaintiff's notice of the experts' depositions. At issue is request for production number seven, which asks for the experts to produce "any and all documents, including, but not limited to, contracts or agreements between you and [Defendants' law firm] at any time within the last five years." Defendants contend the requested discovery is irrelevant, not proportional to the needs of this case, and overbroad. Plaintiff contends that the discovery is necessary and relevant to a claim that the experts' testimony is biased. Defendants argue that Plaintiff has not yet put forth any evidence to suggest actual bias of the experts, and that the discovery request amounts to nothing more than a fishing expedition in hopes of discovering bias. Defendants argue that Plaintiff can cross examine the experts and effectively explore any suspicions of bias at the depositions without this additional discovery.

Discovery is limited to all nonprivileged matters relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). At the hearing, the parties informed the Court that the depositions of the three experts have not yet occurred and are scheduled to proceed next month. Defendants have already produced materials required under Rule 26 with respect to each of the three experts to be deposed, including a list of all other cases in which the witness testified as an expert at trial or by deposition in the previous four years and a statement of compensation to be paid to each expert for the study and testimony in this case. Fed. R. Civ. P. 26(a)(2)(B)(v), (vi). As to Dr. Jenne, however, Defendants have only disclosed the cause number and case style for each case on his list and not the law firms that retained him as an expert in those cases.

Defendants have agreed to supplement their expert disclosures to include any additional billing records pertaining to compensation for each expert and to provide more information as to Dr. Jenne's testimony history.  Specifically, Defendants have agreed to supplement Dr. Jenne's testimony history by identifying, for each case in which he testified or gave a deposition in the last four years, whether he was engaged to serve as an expert by a plaintiff(s) or a defendant(s) and whether the firm that engaged him as an expert was Defendants' law firm.  Defendants agreed to provide this information within two weeks, prior to the scheduled depositions.  Consistent with these representations, the Court will grant Defendants' motion and modify the subpoena by striking request for production number seven.  This order is without prejudice to Defendants returning to the Court for intervention if the experts' deposition testimony reveals more evidence of bias than merely that these witnesses testify more frequently for the defense or if the experts are evasive or non-responsive to questions regarding their litigation history.

**IT IS THEREFORE ORDERED** that Defendants' Opposed Motion to Modify Subpoena Duces Tecum Issued to Christine Dickison, Andrew Sievers, and Joel Jenne, M.D., and for Protective Order [#110] is **GRANTED** as follows:

**IT IS HEREBY ORDERED** that Defendants Brothers Xpress and Harpreet Singh supplement their expert disclosures **within 14 days of this Order** as set forth herein.

**IT IS FURTHER ORDERED** that request for production seven in the subpoena duces tecum served on each of Defendants' designated expert witnesses Christine Dickison, Andrew Sievers, and Joel Jenne, M.D., is **STRICKEN**.

**IT IS SO ORDERED.**

SIGNED this 20th day of October, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE