IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRIS MARCHLEWICZ, | § § | |
| *Plaintiff,* | § § § | SA-19-CV-00996-DAE |
| vs. | § § § | |
| BROTHERS XPRESS, INC., CHARANJIT SINGH, HARPREET SINGH, DHALIWAL BROTHERS CARRIER, INC., C.H. ROBINSON INTERNATIONAL INC., C.H. ROBINSON WORLDWIDE INC., DHALIWAL BROS CARRIER, INC., | § § § § § § § § § | |
| *Defendants.* | § | |

## ORDER

Before the Court in the above-styled cause of action are the following discovery motions: Plaintiff's Motion to Quash Defendant Dhaliwal Bros Carrier Inc.'s Notice of Intention to Take Deposition on Written Questions and Subpoena Duces Tecum from Law & Order Record Retrieval (LORR) for Stephen Earle; Motion for Protective Order; and Notice of Stay [#183]; Stephen E. Earle, M.D.'s Objections to and Motion to Quash Notice of Intention to Take Deposition on Written Questions and Subpoena Duces Tecum from Law & Order Record Retrieval (LORR) for Stephen Earle; Motion for Protective Order; and Notice of Stay [#184]; Plaintiff's Motion to Quash Defendant Dhaliwal Bros Carrier Inc.'s Notice of Intention to Take Deposition on Written Questions and Subpoena Duces Tecum to Lexitas, US Legal Support, and Kim Tindall & Associates; and Notice of Stay [#185]; Defendant Dhaliwal Bros Carrier Inc.'s Opposed Motion to Compel Notice of Intention to Take Deposition by Written Question Directed to Lexitas [#195]; and Non-Party Lexitas' Motion to Quash Defendant's Notice of Intention to Take Deposition by Written Questions with Subpoena Duces Tecum [#201]. The

1

Court held a hearing on the motions on January 19, 2021, at which counsel for all parties and third parties Dr. Earle and Kim Tindall & Associates appeared telephonically.[1]  After considering the various responses to the motions [#187, #188] and the arguments of counsel at the hearing, the Court issued certain oral rulings, which are now memorialized with this written Order.

The motions before the Court all relate to a discovery dispute regarding the alleged bias of Plaintiff's non-retained expert and treating orthopedist, Dr. Stephen Earle.  Defendant Dhaliwal Bros Carrier, Inc. ("Dhaliwal Bros") served an Amended Notice of Intention to Take Deposition by Written Questions and Subpoena Duces Tecum on Dr. Earle on December 14, 2020, after the District Court extended the discovery period for the limited purpose of allowing the parties to pursue additional discovery on the question of Dr. Earle's alleged bias in favor of Plaintiff and his history of providing testimony on behalf of clients of Plaintiff's counsel's law firm, the Thomas J. Henry Law Firm.

The subpoena at issue requests production of ten categories of documents from the records custodian for Dr. Earle.  The first seven requests seek communications between anyone in Dr. Earle's office and any member of Plaintiff's legal team or other physicians regarding this Plaintiff, as well as documents, contracts, or other legal instruments giving Dr. Earle or anyone within his practice group a financial interest in the outcome of this litigation.  Questions 8, 9, and 10 seek information beyond this specific Plaintiff, and ask for a redacted list, count, or documentation showing the number of patients that have been treated by Dr. Earle and represented by an attorney from the law offices of Thomas J. Henry; intake sheets completed by Dr. Earle's patients who were represented by an attorney from the law offices of Thomas J.

---

[1] The hearing addressed all motions except for the motion to quash by Lexitas, which was filed after the hearing.

Henry; and documents that show the total number of patients Dr. Earle has annually for the last four years.

Dhaliwal Bros has also served a Notice of Intention to Take Deposition on Written Questions and Subpoena Duces Tecum on the records custodians for three court reporting firms—Lexitas, US Legal Support, and Kim Tindall & Associates—seeking pages one and two of the deposition transcripts of any deposition of Dr. Earle taken by or attended by a Thomas J. Henry attorney from the last four years (reflecting the case style, deponent name, and appearances of the parties, with plaintiff name redacted), as well as the first few pages of the deposition transcripts of Dr. Earle taken by <u>any</u> attorney in the last four years (with the same redactions).

Plaintiff has moved to quash both subpoenas; Dr. Earle has moved to quash the subpoena served upon his records custodian; Dhaliwal Bros has moved to compel one of the court reporting firms—Lexitas—to respond to the subpoena; and Lexitas has now also filed its own motion to quash.

### I.  Plaintiff's and Dr. Earle's Motions to Quash as to Dr. Earle's Records [#183, #184]

Plaintiff and Dr. Earle move to quash the subpoena to Dr. Earle's records custodian pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure.  Plaintiff objects to Questions 2, 7, 8, 9, and 10.  Dr. Earle only objects to Questions 8, 9, and 10—the questions seeking information about Dr. Earle's testifying history.  At the Court's hearing on the motions, Dr. Earle confirmed that he has already produced all documents responsive to Questions 1 through 7.  In light of this representation, Plaintiff agreed that his objections to Questions 2 and 7 were moot and that the only issue before the Court is whether Dhaliwal Bros is entitled to discover the

3

requested information in questions 8, 9, and 10 about Dr. Earle's history of testifying on behalf of clients of the Thomas J. Henry Law Firm or other attorneys.

Rule 45 provides that a subpoena may be served on a non-party requiring that person to, among other things, produce designated documents in their possession.  Fed. R. Civ. P. 45(a). Rule 45(d) allows for the filing of a motion to quash such a subpoena.  The court must quash or modify a subpoena that subjects a person to undue burden.  *Id.* at 45(d)(3).  In evaluating whether a subpoena imposes an undue burden, courts in the Fifth Circuit consider the following factors:  (1) relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed.  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  When the target of the subpoena is a non-party, the court may also consider the expense and inconvenience caused by the subpoenas.  *Id.*  On a motion to quash, the moving party bears the burden of demonstrating that compliance would be unreasonable or oppressive.  *Id.*

With respect to Questions 8, 9, and 10, both Plaintiff and Dr. Earle argue that these discovery requests impose an undue burden on Dr. Earle, who is a non-party and a non-retained treating expert.  They also argue that Dhaliwal Bros has not made a sufficient showing of bias to justify the discovery, which they argue seeks information far beyond the causes of action at issue in this suit and far beyond the disclosures required of a non-retained expert.  Finally, Plaintiff and Dr. Earle argue that the production of the requested information would reveal information protected under the attorney-client privilege and the Heath Insurance Portability & Accountability Act ("HIPAA").  The Court agrees that Questions 8, 9, and 10 impose an undue

burden on a non-party and seek discovery that is not proportional to the needs of this case.  The Court will quash these requests and grant Dr. Earle's motion.[2]

As a non-retained treating expert, Dr. Earle is not required to produce a list of prior expert testimony for the previous four years, as is required of retained experts.  *See* Fed. R. Civ. P. 26(a)(2)(B).  This Court has already rejected Dhaliwal Bros' argument that Dr. Earle is functioning more like a retained expert, subject to the control of Plaintiff's counsel.  (*See* Order [#179] at 10–11.)  At the Court's hearing, Dr. Earle confirmed that he has disclosed that he is being compensated only for his time to provide his deposition, and that there is no other agreement with the Thomas J. Henry Law Firm as to payment.  The Court reaffirms the finding that Dr. Earle has been designated as a non-retained treating expert and is not subject to the disclosure requirements set forth in Rule 26(a)(2)(B).

Dr. Earle has made a sufficient showing to the Court that requiring him to respond to Questions 8, 9, and 10 would subject him, as a non-retained treating expert, to an undue burden.  Attached to Dr. Earle's motion is the sworn affidavit of Christiana Schultz, Dr. Earle's Office Manager.  (Schultz Aff. [#184-1] at 1–3.)  In her affidavit, Ms. Schultz states that Dr. Earle does not maintain a list of patients in the past four years who have been represented by a lawyer.  (*Id.*)  She further states that the production of the information requested in Questions 8, 9, and 10 would require a file-by-file review of all patient records for a four-year period, and that Dr. Earle's practice provides medical treatment to approximately 1,000 to 1,200 patients annually.  (*Id.*)  According to Ms. Schultz, Dr. Earle's patient records are not stored electronically and are not kept in such a way that allows for a field search based on factors such as whether the patient

---

[2] The Court need not decide whether Plaintiff has standing to challenge the subpoena issued to Dr. Earle through its own motion, as Dr. Earle himself has also moved to quash the subpoena.  The Court will therefore dismiss Plaintiff's motion and grant only Dr. Earle's motion.

was involved in a motor vehicle accident and/or was represented by an attorney. (*Id.*) This means that physical records would need to be obtained from storage and manually reviewed for issues of privilege and would need to be extensively redacted prior to disclosure. (*Id.*) Dhaliwal Bros argued at the hearing that its request is merely for a list, not for confidential patient records, and that it would be satisfied with the provision of a count of the number of patients who were represented by a Thomas J. Henry attorney. Yet the compiling of this list would still require a manual review of anywhere from 4,000 to 5,000 patient files, a task that would unduly burden Dr. Earle's small office that, according to Ms. Schultz, has only two full-time employees involved in patient care and services.

Imposing such a burden on a treating physician is not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). The requested discovery is not relevant to a claim or cause of action at issue in this lawsuit; it is sought solely for impeachment purposes based on allegations of bias. Dhaliwal Bros believes that it made a threshold showing of bias, sufficient to warrant imposing the identified burdens on Dr. Earle's medical practice. Dhaliwal Bros directs the Court to e-mail communications between Ms. Schultz and various paralegals at the Thomas J. Henry Law Firm that were produced by Plaintiff after Dr. Earle's October deposition. Dhaliwal Bros interprets these e-mails as raising the question of whether Thomas J. Henry referred Plaintiff to Dr. Earle and is exerting control over the physician-patient relationship and Dr. Earle's testimony. (*See* Correspondence [#183-1] at 1–48.) The Court has reviewed these e-mails and finds that the correspondence does not prove Dr. Earle's bias or justify the burden discussed herein, only that Plaintiff's counsel took steps to ensure that Dr. Earle provide counsel with all relevant medical records and that Dr. Earle was prepared for his deposition. The Court also finds that, insofar as the e-mails suggest bias, these communications, which are already in the

possession of Dhaliwal Bros, allow Dhaliwal Bros to effectively cross examine Dr. Earle on such bias.

On a final note, Dhaliwal Bros argued repeatedly at the Court's hearing that the District Court, in extending discovery on the allegation of bias, recognized that there had been a showing of bias and that the requested discovery is therefore warranted. The Court disagrees. The District Court's Order merely noted that there was a motion pending at the time before the undersigned related to the bias allegations and that there was good cause to allow the parties additional time to "search for a 'full picture' of Dr. Earle's testimony" as to bias. (Order [#171] at 3.) Since the District Court extended the discovery deadline, Dhaliwal Bros has taken Ms. Schultz's deposition and has received a supplemental production from Dr. Earle in response to Questions 1 through 7. Nowhere in the District Court's Order did the Court express an opinion on whether all of the subpoena topics were both relevant and proportional to the needs in this case or imposed an undue burden on a third party.

In summary, the Court will quash Questions 8, 9, and 10 and relieve Dr. Earle of any obligation to respond to these questions.

## II.  Plaintiff's Motion to Quash as to Court Reporting Firm Records [#185], Defendant's Motion to Compel [#195], and Lexitas's Motion to Quash [#201]

Plaintiff has also moved to quash the subpoenas to the court reporting firms—Lexitas, US Legal Support, and Kim Tindall & Associates. Defendant Dhaliwal Bros has in turn moved to compel Lexitas to respond to the subpoena. Only one of the three court reporting firm was represented at the Court's hearing—Kim Tindall & Associates ("KTA"). KTA orally moved to join Plaintiff's motion to quash at the hearing. After the hearing, Lexitas filed its own motion to quash [#201] with regards to the subpoena. In order to allow US Legal Support the opportunity to raise any arguments with respect to the subpoena, the Court will order this third party to file

7

an Advisory indicating whether it joins in Plaintiff's motion to quash or a separate motion to quash on its own behalf. The Court will refrain from issuing a ruling on the motions related to the subpoenas served on the three court reporting firms until it has ensured that US Legal Support has knowledge of the pending motions and has had the opportunity to file something with the Court.

**IT IS THEREFORE ORDERED** that Stephen E. Earle, M.D.'s Objections to and Motion to Quash Notice of Intention to Take Deposition on Written Questions and Subpoena Duces Tecum from Law & Order Record Retrieval (LORR) for Stephen Earle; Motion for Protective Order; and Notice of Stay [#184] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Quash Defendant Dhaliwal Bros Carrier Inc.'s Notice of Intention to Take Deposition on Written Questions and Subpoena Duces Tecum from Law & Order Record Retrieval (LORR) for Stephen Earle; Motion for Protective Order; and Notice of Stay [#183] is **DISMISSED AS MOOT**.

**IT IS FINALLY ORDERED** that third-party US Legal Support file either an advisory or its own motion to quash regarding the subpoena at issue on or before **January 29, 2021**. Plaintiff is instructed to ensure service of this Order on US Legal Support.

SIGNED this 22nd day of January, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE