IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRIS MARCHLEWICZ, | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CV-00996-DAE |
| | § | |
| vs. | § | |
| | § | |
| BROTHERS XPRESS, INC., | § | |
| CHARANJIT SINGH, HARPREET | § | |
| SINGH,  DHALIWAL BROTHERS | § | |
| CARRIER, INC.,  C.H. ROBINSON | § | |
| INTERNATIONAL INC.,  C.H. | § | |
| ROBINSON WORLDWIDE INC., | § | |
| DHALIWAL BROS CARRIER, INC., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action are the following discovery motions: Plaintiff's Motion to Quash Defendant Dhaliwal Bros Carrier Inc.'s Notice of Intention to Take Deposition on Written Questions and Subpoena Duces Tecum to Lexitas, US Legal Support, and Kim Tindall & Associates; and Notice of Stay [#185]; Defendant Dhaliwal Bros Carrier Inc.'s Opposed Motion to Compel Notice of Intention to Take Deposition by Written Question Directed to Lexitas [#195]; and Non-Party Lexitas' Motion to Quash Defendant's Notice of Intention to Take Deposition by Written Questions with Subpoena Duces Tecum [#201].

These motions all concern a discovery dispute regarding the alleged bias of Plaintiff's non-retained expert and treating orthopedist, Dr. Stephen Earle.  Defendant Dhaliwal Bros Carrier, Inc. ("Dhaliwal Bros") served a Notice of Intention to Take Deposition on Written Questions and Subpoena Duces Tecum on the records custodians for three court reporting firms—Lexitas, US Legal Support, and Kim Tindall & Associates—seeking pages one and two of the deposition transcripts of any deposition of Dr. Earle taken by or attended by a Thomas J.

1

Henry attorney from the last four years (reflecting the case style, deponent name, and appearances of the parties, with plaintiff name redacted), as well as the first few pages of the deposition transcripts of Dr. Earle taken by <u>any</u> attorney in the last four years (with the same redactions).

Plaintiff has moved to quash the subpoenas.  Defendant Dhaliwal Bros has in turn moved to compel Lexitas to respond to the subpoena.  The Court held a hearing on the motions on January 19, 2021, at which counsel for all parties and Kim Tindall & Associates ("Kim Tindall") appeared telephonically.  Neither Lexitas nor US Legal Support ("US Legal") made an appearance.  Kim Tindall orally moved to join Plaintiff's motion to quash at the hearing.  After the hearing, Lexitas filed its own motion to quash with regards to the subpoena.  After the hearing, the Court ordered US Legal to file either an advisory or its own motion to quash regarding its position on the subpoena.  US Legal timely filed its Advisory [#203], indicating that it takes no position with regard to the matter and does not intend to seek any relief from the Court at this time.  In ruling on the pending motions, the Court has also considered the various responses to the respective motions on file [#188, #200].

Kim Tindall, Lexitas, and Plaintiff move to quash the subpoenas issued to the court reporting firms on the grounds that the subpoenas are overbroad, unduly burdensome, and seek the disclosure of information that would violate various privacy laws and protective orders entered in other cases.  Movants argue that Defendants should not be permitted to compel non-parties to bear the burden of producing the depositions of Dr. Earle from completely separate proceedings involving completely separate parties than are at issue here.  Furthermore, they argue that to permit this discovery would expose the court reporting firms to possible legal recourse for turning over documents that belong to other litigants.  Finally, movants challenge

the overall relevance of the discovery, arguing that Defendants have not made any threshold showing of the bias of Dr. Earle to justify the discovery.  Lexitas also raises several procedural challenges related to the service of the subpoena.

Rule 45 provides that a subpoena may be served on a non-party requiring that person to, among other things, produce designated documents in their possession.  Fed. R. Civ. P. 45(a). Rule 45(d) allows for the filing of a motion to quash such a subpoena.  The court must quash or modify a subpoena that subjects a person to undue burden.  *Id.* at 45(d)(3).  In evaluating whether a subpoena imposes an undue burden, courts in the Fifth Circuit consider the following factors:  (1) relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed.  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  When the target of the subpoena is a non-party, the court may also consider the expense and inconvenience caused by the subpoenas.  *Id.*  On a motion to quash, the moving party bears the burden of demonstrating that compliance would be unreasonable or oppressive.  *Id.*

Lexitas has demonstrated that ordering compliance with the subpoenas would result in an undue burden on a non-party, and that the subpoena should be quashed under Rule 45.  A declaration attached to Lexitas's filings indicates that it stores its archived records of depositions on company servers that would have to be searched for all deposition jobs that list Dr. Earle as a witness for a four-year period and the retrieval of each record would require more than 10 minutes of employee time.  (Weaver Decl. [#200-7] at ¶¶ 3–5.)  Even the compilation of a list of all depositions would require significant employee time because the records would still have to be manually searched for this information.  (*Id.*)

3

Although the Court does not have similar evidence as to the burden that might be imposed on Kim Tindall and US Legal Support, the Court will also quash the subpoenas issued to these two reporting firms on the basis that the requested discovery is not proportional to the needs of this case.  Rule 26 limits discovery to the following:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Although parties have only limited standing to move to quash subpoenas on behalf of non-parties under Rule 45, they do have standing to raise relevance and proportionality objections on behalf of third parties in service of limiting the overall scope of discovery.  *See* Fed. R. Civ. P. 26(c)(1) (this Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

The Court has already found, in the context of a subpoena issued directly to Dr. Earle for his own patient records, that the requested discovery is not relevant to a claim or cause of action at issue in this lawsuit.  Rather, it is sought solely for impeachment purposes based on allegations of bias.  Dhaliwal Bros believes that it made a threshold showing of bias, sufficient to warrant imposing the identified burdens on the court reporting firms, by directing the Court e-mail communications between Dr. Earle's office manager and various paralegals at the Thomas J. Henry Law Firm that were produced by Plaintiff after Dr. Earle's October deposition.  Dhaliwal Bros interprets these e-mails as raising the question of whether Thomas J. Henry referred Plaintiff to Dr. Earle and is exerting control over the physician-patient relationship and Dr. Earle's testimony.  (*See* Correspondence [#183-1] at 1–48.)  As the Court stated in its previous

order quashing the subpoena to Dr. Earle, the Court has reviewed these e-mails and finds that the correspondence does not prove Dr. Earle's bias or justify the burden discussed herein, only that Plaintiff's counsel took steps to ensure that Dr. Earle provide counsel with all relevant medical records and that Dr. Earle was prepared for his deposition.  The Court also finds that, insofar as the e-mails suggest bias, these communications, which are already in the possession of Dhaliwal Bros, allow Dhaliwal Bros to effectively cross examine Dr. Earle on such bias.

In summary, the requested deposition records are not proportional to the needs of this case, considering the importance of the issues at stake and the importance of the discovery in resolving these issues.  *See* Fed. R. Civ. P. 26(b)(1).   The Court also finds that the burden or expense associated with compelling third parties to produce this discovery outweighs its likely benefit.  *See id.*  The Court will grant Plaintiff's motion to quash, which was orally joined by Kim Tindall at the Court's hearing, grant Lexitas's motion to quash, and quash the subpoenas to all three court reporting firms.  The motion to compel by Dhaliwal Bros will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Defendant Dhaliwal Bros Carrier Inc.'s Notice of Intention to Take Deposition on Written Questions and Subpoena Duces Tecum to Lexitas, US Legal Support, and Kim Tindall & Associates; and Notice of Stay [#185], which has been joined by Kim Tindall & Associates, is **GRANTED**.

**IT IS FURTHER ORDERED** that Non-Party Lexitas' Motion to Quash Defendant's Notice of Intention to Take Deposition by Written Questions with Subpoena Duces Tecum [#201] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Notice of Intention to Take Deposition on Written Questions and Subpoena Duces Tecum issued to Lexitas, US Legal Support, and Kim Tindall & Associates are hereby **QUASHED**.

**IT IS FINALLY ORDERED** that Defendant Dhaliwal Bros Carrier Inc.'s Opposed Motion to Compel Notice of Intention to Take Deposition by Written Question Directed to Lexitas [#195] is **DENIED**.

SIGNED this 4th day of February, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE